```
          IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**MICHAEL D. MCDOWELL,**

                        **Plaintiff,**

       v.                                                CASE NO. 20-3308-SAC

**JOHNSON COUNTY SHERIFF'S OFFICE, et al.,**

                        **Defendants.**

### ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds pro se, and his fee status is pending. Plaintiff is a detainee in the Johnson County Adult Detention Cente. He alleges a violation of his rights in that facility arising from a failure to provide adequate medical care. Plaintiff states the events occurred in 2009 or 2010. He seeks monetary damages.

### Screening

Under 28 U.S.C. § 1915A, the court must examine "before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following this review, the court must dismiss the action if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### Statute of limitations

The statute of limitations applicable to § 1983 actions is derived from the comparable state statute of limitations and

tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983.... In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations that the action is barred by the statute of limitations. *Id.* at 1258-59.

Because plaintiff's claims arose no later than 2010, his complaint, filed in December 2020, is barred by the two-year limitation period and is subject to dismissal for failure to state a claim for relief. Plaintiff will be given an opportunity to show cause why this matter should not be dismissed. The failure to file a timely reply will result in the dismissal of this matter without additional notice.

IT IS THEREFORE ORDERED THAT plaintiff is granted to and including **January 14, 2021,** to show cause why this matter should not be

dismissed.

**IT IS SO ORDERED.**

DATED:  This 16th day of December, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge